J-S38023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KAQUWAN MALIK MILLIGAN, | |
| Appellant | No. 3473 EDA 2016 |

Appeal from the PCRA Order October 7, 2016
In the Court of Common Pleas of Carbon County
Criminal Division at No(s): CP-13-CR-0000046-1998

BEFORE:  GANTMAN, P.J., SHOGAN and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 16, 2017**

Kaquwan Malik Milligan ("Appellant") appeals from the order denying his fourth petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

The trial court set forth the following relevant procedural history:

> On April 21, 1999, [Appellant] was convicted of second degree murder, robbery, criminal conspiracy, and aggravated assault[2] for his role in the October 26, 1997 drug-related shooting and death of Tyrone Hill.  Thereafter, [Appellant] was sentenced to life imprisonment on the murder charge, followed by a sentence of not less than five nor more than ten years for
>
> [2] 18 Pa.C.S. § 2502(b), § 3701(a)(1), § 903(a)(1), and § 2702(a)(1), respectively.

---

[*]  Former Justice specially assigned to the Superior Court.

criminal conspiracy; the convictions for robbery and aggravated assault merged for sentencing purposes. [Appellant's] conviction and sentence were upheld on direct appeal and became final when the United States Supreme Court denied his petition for *writ of certiorari* on November 26, 2001. [***Commonwealth v. Milligan***, 769 A.2d 1207, 3038 EDA 1999 (Pa. Super. filed December 6, 2000); 781 A.2d 142, 0012 MDA 2001 (Pa. filed June 19, 2001) and ***Milligan v. Pennsylvania***, 534 U.S. 1044, 01-6349 (November 26, 2001), respectively.]

On March 26, 2002, [Appellant] filed his first petition pursuant to the [PCRA]. Following the appointment of counsel and the filing of an amended petition on September 6, 2002, the petition was denied on April 21, 2003, after a hearing on January 24, 2003. The Pennsylvania Superior Court affirmed [the PCRA court's] ruling on September 22, 2004 [***Commonwealth v. Milligan***, 863 A.2d 1227, 1718 EDA 2003 (Pa. Super. September 22, 2004) (unpublished memorandum)]. Subsequently, the Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal on April 5, 2005 [***Commonwealth v. Milligan***, 872 A.2d 172, 988 MAL (2004) (Pa. April 5, 2005)].

[Appellant] filed his second PCRA petition on August 5, 2005. Counsel was again appointed to represent [Appellant] and an amended petition was filed on April 6, 2006. In this petition, [Appellant] raised two primary issues: (1) whether the Commonwealth failed to disclose exculpatory evidence in the nature of an alleged plea agreement with one of [Appellant's] co-conspirators, Verna Russman, in exchange for her cooperation and favorable testimony against [Appellant]; and (2) whether the Commonwealth coerced perjured testimony from a Commonwealth witness, Kadias Murdaugh, to refute [Appellant's] alibi defense. A hearing on the amended petition was held on June 9, 2006. [Appellant's] second PCRA petition was dismissed on November 22, 2006 because it failed to meet any of the exceptions to the PCRA's timeliness requirements and was, therefore, time barred. The Pennsylvania Superior Court affirmed this dismissal on August 14, 2007. [***Commonwealth v. Milligan***, 935 A.2d 17, 3440 EDA 2006 (Pa. Super. August 14, 2007) (unpublished memorandum)]. Ultimately, the Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal on May 20, 2008 [***Commonwealth v. Milligan***, 953 A.2d 541, 744 MAL (2007) (Pa. May 20, 2008)].

On December 27, 2012, [Appellant] filed his third PCRA petition. In that petition, [Appellant] raised two (2) arguments as to why the United States Supreme Court decision in Miller v. Alabama, 132 S.Ct. 2455 (2012) should apply in his case. First [Appellant] claimed that he had not physically matured to the point of adulthood at the time he committed his crime and, as a result, his situation was akin to that of the juvenile appellant in Miller. Second, [Appellant] argued that, pursuant to the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, all persons with immature brains must be treated similarly and therefore, he should have been considered a juvenile for purposes of sentencing. Upon review of the Commonwealth's answer to [Appellant's] petition, on April 8 2013, [the PCRA court] issued a notice of intent to dismiss that petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. [Appellant] failed to file a response to our notice and his third PCRA petition was denied and dismissed on May 8, 2013.

On March 18, 2016, [Appellant] filed his fourth PCRA petition arguing that, based on Miller v. Alabama, 132 S.Ct. 2455 (2012), he was a juvenile at the time Tyrone Hill was murdered. On April 5, 2016, Albert V.F. Nelthropp, Esquire, was appointed as counsel to represent [Appellant] in connection with aforesaid petition.

Attorney Nelthropp filed an amended PCRA petition on behalf of [Appellant] on May 27, 2016, titled, "Petition for Post-Conviction Relief Pursuant to 42 Pa.C.S. Section 9543." In addition to the Miller-based argument previously advanced, [Appellant] also contends that since he lacked the intent to kill, he is categorically less culpable pursuant to Enmund v. Florida, 102 S.Ct. 3368 (1982).

After oral argument was held on the matter[3], [the PCRA court] denied and dismissed [Appellant's] PCRA petition on October 7, 2016, for the following reasons: 1. [Appellant's]

[3] By agreement of counsel, [Appellant's] petition was scheduled for oral argument as opposed to an evidentiary hearing.

petition was untimely filed depriving [the PCRA court] of jurisdiction; 2. The issues presented were previously litigated; and 3. [Appellant] was nineteen (19) years old at the time of Tyrone Hill's murder, rendering Montgomery v. Louisiana, 136 S.Ct. 718 (2016) and Miller v. Alabama, 132 S.Ct. 2455, inapposite to the instant case.

Trial Court Opinion, 1/9/17, at 5–8.

Appellant filed a Notice of Appeal on November 7, 2016 and on November 8, 2016, the PCRA Court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement. Appellant timely filed his 1925(b) Statement of Errors Complained of on Appeal on November 30, 2016.

Appellant raises the following issues on appeal:

I.     Whether [the PCRA] court erred in finding that [Appellant] did not meet the jurisdictional filing requirements for a PCRA petition[?]

II.    Whether [the PCRA] court erred by determining that the issues raised by [Appellant] have been previously litigated[?]

III.   Whether [the PCRA] court erred in determining that [Appellant's] sentence did not violate the Eighth Amendment of the United States Constitution by not applying Miller v. Alabama, 132 S.Ct. 2455 (2012)[?]

IV.    Whether [the PCRA] court erred in not applying Enmund v. Florida, 102 S.Ct. 3368 (1982) and determining that [Appellant's] lack of intent to kill made him categorically less culpable[?]

V.     Whether, in light of Miller, the Appellant should be re-sentenced under 18 Pa.C.S.A. section 1102(b)[?]

VI.    Whether [the PCRA] court erred in not finding that the issues raised in the present PCRA petition meet the Lawson standard for a second or subsequent PCRA petition[?]

Appellant's Brief at 5.

"We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012). "In reviewing an order denying post-conviction relief, we examine whether the trial court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). We grant great deference to the trial court's factual findings. *Ford*, 44 A.3d at 1194. "A PCRA court's finding will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011).

Before we reach the merits of Appellant's PCRA claims, we must determine whether Appellant's petition is timely. Pursuant to 42 Pa.C.S. § 9545(b)(1), any PCRA petition must be filed within one year of the date the judgment becomes final. "It is well settled that the PCRA's time restrictions are jurisdictional in nature." *Robinson*, 139 A.3d at 185. "As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits." *Id*. The jurisdictional time limits are mandatory and interpreted literally. *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). "Unlike a statute of limitations, a jurisdictional time limitation is not

subject to equitable principles such as tolling except as provided by statute."

*Id*.

Here, Appellant's judgment of sentence was final on November 26, 2001, the date the Supreme Court of the United States denied his petition for writ of *certiorari*. To be timely, Appellant's PCRA petition need to be filed on or before November 26, 2002. The instant petition, Appellant's fourth PCRA petition, was filed on March 18, 2016, nearly fourteen years beyond the statutorily proscribed time, and is untimely unless one of the three statutory exceptions applies. Pursuant to 42 Pa.C.S. § 9545(b)(1)(i)–(iii):

> (b)(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)–(iii).

Where, as in this case, the petition is untimely, the burden is on the petitioner to prove that one of the statutory exceptions applies. *Commonwealth v. Beasley*, 741 A.2d 1258, 1260 (Pa. 1999). Any petition relying upon Section 9545(b)(1)(i-iii) must be filed within sixty days from the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).[1]

In this case, Appellant argues that his petition is timely because it falls within the exception set forth in 42 Pa.C.S. § 9545 (b)(1)(iii), relating to the assertion of a constitutional right that applies retroactively. Appellant's Brief at 6. Specifically, Appellant relies on *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), in an attempt to convert his patently untimely petition into one that is timely. In *Montgomery*, the Supreme Court of the United States held that its earlier decision in *Miller v. Alabama*, 567 U.S. 460 (2012), which prohibited mandatory life sentences without parole for juvenile offenders, constitutes a substantive constitutional rule that should apply retroactively and on collateral review. *Montgomery*, 136 S.Ct. at 736. In *Miller*, the Supreme Court of the United States specifically held that "mandatory life punishment without parole for those **under the age of 18**

_____

[1] As required by 42 Pa.C.S. § 9545(b)(2), Appellant's petition was filed on March 18, 2016, within sixty days of *Montgomery v. Alabama*, 136 S.Ct. 718 (2016).

at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and usual punishments.'" *Miller*, 567 U.S. at 465 (emphasis added).

In the instant case, the crimes for which Appellant was convicted occurred on October 26, 1997. Appellant was born on February 11, 1978. Notes of Testimony, 9/30/16, at 5. Appellant was over nineteen and one half years old at the time of the murder; thus, he is not in the class of individuals impacted by the *Miller* decision. Despite the fact that he was not a juvenile when he committed the crimes for which he was convicted, Appellant argues that *Miller* and *Montgomery* should be expanded to include individuals over eighteen years of age. Appellant's Brief 7–16. Appellant essentially argues that because he was immature when he committed the crimes, he is categorically less culpable and the United States Supreme Court's decisions in *Miller* and *Montgomery* should be expanded to apply to him.

We previously rejected this exact claim in *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016). In that case, like here, the appellant filed a time-barred PCRA petition and argued that *Miller* and *Montgomery* brought his untimely petition within the ambit of 42 Pa.C.S. § 9545(b)(1)(iii). As we held in *Furgess*, *Miller* applies "only to those defendants who were under the age of 18 at the time of their crimes." *Furgess*, 149 A.3d at 94. (quoting *Miller v. Alabama*, 132 S.Ct. at 2460). We further noted in *Furgess* that, "rather than presenting an argument that

is within the scope of the *Miller* decision, the argument made by Appellant seeks an **extension** of *Miller* to persons convicted of murder who were older at the time than the class of defendants subject to the *Miller* holding." *Furgess*, 149 A.3d at 94 (emphasis in original). This Court held that "a contention that newly-recognized constitutional right **should** be extended to others does not render a petition seeking such an expansion of the right timely pursuant to Section 9545(b)(1)(iii)." *Id*. (emphasis in original).

Thus, because Appellant was not under the age of eighteen at the time of his crimes, he may not rely on *Miller* and *Montgomery* to bring his untimely PCRA petition within the ambit of the exception at 42 Pa.C.S. § 9545(b)(1)(iii). *Furgess*, 149 A.3d at 94. The trial court was correct when it determined it lacked jurisdiction over Appellant's fourth PCRA petition. We, therefore, affirm the PCRA court's order denying Appellant post-conviction relief and will not reach the merits of any arguments contained therein.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2017